UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 17-10205-RWZ


MARC FEGAN

v.

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security Administration


MEMORANDUM OF DECISION

February 12, 2018


ZOBEL, S.D.J.

Plaintiff Marc Fegan appeals from a final decision by the Acting Commissioner of

Social Security ("the Commissioner") upholding the ruling of an Administrative Law

Judge ("ALJ") that rejected his application for Social Security Disability Insurance

Benefits.  Plaintiff contends that the ALJ erred by failing to evaluate his obesity in

accordance with Social Security Ruling 02-1p.

## I.    Background

Plaintiff filed an application for disability benefits on September 30, 2013,

alleging disability beginning on June 12, 2012.  His claim was first denied on November

27, 2013, and again upon reconsideration on April 7, 2014.  He thereupon requested a

hearing, which was held on March 10, 2015.  Plaintiff and a vocational expert appeared,

but only plaintiff testified.  At the instance of the ALJ, a supplemental hearing was held

to include the opinions of a medical expert and vocational expert. At that hearing, on September 29, 2015, plaintiff again testified, as did both experts.

## A. Applicable Statutes and Regulations

To receive Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A); see also 20 C.F.R. § 404.1505(a).

The ALJ analyzes whether a claimant is disabled using an established "five-step sequential evaluation process." See 20 C.F.R.§ 404.1520(a)(4)(i)–(v). Under this framework, the ALJ first determines whether the claimant is currently engaging in substantial gainful work activity. If not, then at step two, the ALJ decides whether the claimant has a "severe" medical impairment or impairments, which means the impairment "significantly limits [the claimant's] physical or mental ability to do basic work activities," id. § 404.1520(c). If the claimant has a severe impairment or impairments, then the ALJ considers, third, whether such impairments meet or equal an entry in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, together with the duration requirement. If so, then the claimant is considered disabled and the analysis ends. If not, before moving to step four, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is "the most [a claimant] can still do despite [his]

limitations," id. § 404.1545(a)(1). At step four, the ALJ determines whether the claimant's RFC allows him to perform his past relevant work. If the claimant has the RFC to perform his past relevant work, then he is not disabled. If the claimant does not, then the ALJ decides, at step five, whether the claimant can do other work in light of his RFC, age, education, and work experience. If the claimant can, he is not considered disabled; otherwise, he is. "Once the applicant has met his or her burden at Step 4 to show that he or she is unable to do past work due to the significant limitation, the Commissioner then has the burden at Step 5 of coming forward with evidence of specific jobs in the national economy that the applicant can still perform." Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001); see also 20 C.F.R. §§ 404.1512(b), 404.1560(c)(2).

## B.     The Initial Rejection and the ALJ's Decision

In his November 6, 2015 written decision, the ALJ ruled that plaintiff was not disabled under the Social Security Act through December 31, 2013, the date last insured ("DLI").[1] He did find at the first step that plaintiff had not engaged in substantial gainful activity from his alleged onset date of June 12, 2012 through his DLI, and at the second step that plaintiff had two severe impairments through his DLI: lumbar degenerative disc disease causing back and leg pain, and obesity. See 20 C.F.R. § 404.1520(c) (requirement of severe impairment). The ALJ nonetheless held at step three that plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P,

---

[1]      "The date last insured (DLI) is the last day of the quarter a claimant[] meets insured status for disability or blindness." Social Security Administration Program Operations Manual System DI 25501.320(A)(1); see 20 C.F.R. § 404.131. To be eligible for benefits, a claimant must demonstrate that he was disabled prior to his DLI. See Fischer v. Colvin, 831 F.3d 31, 32 (1st Cir. 2016).

Appendix 1." R.[2] 15. Before moving to step four, the ALJ determined plaintiff's RFC:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he was only able to sit for two hours in the course of an 8-hour workday. He could occasionally stoop, crouch, kneel or crawl, and never climb ladders, ropes or scaffolds. He needed to avoid concentrated exposure to hazards such as operational control of moving machinery and unprotected heights.

Id. at 16. In making this determination, the ALJ did not find the plaintiff credible because "his allegations of pain and limitation are not supported by the medical evidence as a whole." Id. at 27. Specifically, although plaintiff testified that steroid injections offered little relief for his back and leg pain, and that physical therapy made it worse, to his providers he had characterized the pain as "mild to moderate," with reported improvement from injections ranging from 60 to 100 percent. Id. at 25–26. The objective evidence, moreover, indicated a "normal gait and station . . . lumbar spine had no muscle spasms or tenderness, and full range of motion without pain. Strength, reflexes, and sensation were normal," and plaintiff was walking for an hour twice a week. Id. at 26.

At the fourth step, the ALJ concluded based on the VE's testimony that all of plaintiff's past relevant work required medium to heavy exertion. R. 28. Because plaintiff's RFC limited him to light work, the ALJ determined that through the DLI plaintiff was unable to perform past relevant work. Id. At step five, again relying on the VE's testimony, he found that, "considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in

---

[2]    "R." refers to the Social Security administrative record, which was filed in this appeal at Docket No. 10.

the national economy that the claimant could have performed." Id. The VE had testified

that plaintiff would have been able to perform representative occupations such as

parking lot attendant, laundry worker, and assembler of small parts — all light work jobs.

Id. at 29. Accordingly, the ALJ concluded that the claimant was not disabled. Id.

### C. The Appeal

Plaintiff appealed the ALJ's decision to the Social Security Administration's

Appeals Council, which denied review on December 5, 2016. The ALJ's decision then

became the final decision of the Commissioner, and plaintiff brought this case under 42

U.S.C. § 405(g), seeking reversal thereof.

## II. Standard of Review

The Commissioner's findings of fact are conclusive if based on the correct legal

standard and supported by substantial evidence. 42 U.S.C. § 405(g); Seavey, 276 F.3d

at 9. Substantial evidence includes "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

(1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). So long

as the Commissioner's determinations are "supported by substantial evidence," they

must be affirmed, "even if the record arguably could justify a different conclusion."

Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per

curiam). Further, resolving credibility issues "and the drawing of permissible inference

from evidentiary facts are the prime responsibility of the [Commissioner]." Rodriguez v.

Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981) (quoting Rodriguez

v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965)). Questions of law are reviewed de

novo. Seavey, 276 F.3d at 9.

## III.    Discussion

Plaintiff claims that the ALJ erred because he failed appropriately to consider the impact of plaintiff's obesity on his RFC as directed by Social Security Ruling (SSR) 02-1P, which provides that "[a]n assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment . . . fatigue may affect the [obese] individual's physical and mental ability to sustain work activity."    Titles II & XVI: Evaluation of Obesity, SSR 02–1P, 2002 WL 34686281, at *6 (Sept. 12, 2002).[3]  This contention is not supported by the record.

 The ALJ recognized plaintiff's obesity as a severe impairment.  R. 14.  He determined plaintiff's RFC "after careful consideration of the entire record," having "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," including opinion evidence.  R. 16; see 20 C.F.R. §§  404.1527, 404.1529.  The ALJ explicitly referenced SSR 02-1P in discussing plaintiff's body mass index, R. 17 at n.1, and further found that "the claimant's weight certainly exacerbates his back and lower extremity pain, and likely contributes to his physical limitations such as bending and reaching parts of his body, and to his fatigue."  R. 27.  He nonetheless determined that plaintiff was able to perform limited light work.

---

[3]        Plaintiff also contends that the ALJ contravened SSR 02-1P by considering plaintiff's failure to follow prescribed weight loss treatment in denying benefits.  He is correct that, under the rule, any failure to lose weight is to be considered after a finding of disability is made, not as a basis for finding no disability.  See SSR 02-1P, 2002 WL 34686281, at *9.  On this record, however, "it is inaccurate to suggest that the ALJ's consideration of [plaintiff's] failure to follow prescribed treatment [for obesity] was a determinative factor in the resolution of [plaintiff's] disability claim."  Healy v. Colvin, No. 12-30205, 2014 WL 1271698, at *13 (D. Mass. Mar. 27, 2014).

This determination is consistent with the conclusions of multiple examining physicians and the medical expert. Having reviewed the full record, the medical expert was familiar with the evidence of plaintiff's obesity when she found limitations only in stooping, crouching, crawling, kneeling, and avoiding unprotected heights and the operation of machinery. R. 28, 42–43. Orthopedic surgeon Dr. Polivy similarly concluded, after examining the plaintiff and considering the challenges of his obesity, that he could perform full-time, light-duty work. R. 26, 1830. Neurologist Dr. Levine, also after examining plaintiff, opined that he could work, subject to lifting limitations and attention to body mechanics. R. 26, 1818. The ALJ accorded "great" weight to each of these opinions, as he was entitled to do. See 20 C.F.R. § 404.1527(c) (opinions of examining physicians and consistent with record as whole generally given greater weight); cf. Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987) (ALJ free "to piece together the relevant medical facts from the findings and opinions of multiple physicians."). Accordingly, the ALJ's RFC assessment appropriately accounted for plaintiff's obesity pursuant to SSR 02-1P, and was supported by substantial evidence. See Rodriguez, 647 F.2d at 222; cf. Benitez v. Astrue, No.11-30021, 2011 WL 6778534, at *4 (D. Mass. Dec. 20, 2011) (finding ALJ's failure to discuss obesity did not require remand because he nonetheless had considered the opinion of a physician aware of plaintiff's obesity).

## IV. Conclusion

Plaintiff's Motion to Reverse and Remand to the Social Security Administration the Decision of the Commissioner (Docket # 14) is DENIED, and Defendant's Motion for Order Affirming the Decision of the Commissioner (Docket # 16) is ALLOWED.

Judgment may be entered affirming the decision of the Commissioner.


| February 12, 2018 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | SENIOR UNITED STATES DISTRICT JUDGE |